JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROBERTO MARTINEZ et al

**DEFENDANTS**
THREE GUYS SUPERMARKET, LLC, and GLADYS CEPEDA and HENRY CEPEDA, INDIVIDUALLY

(b) County of Residence of First Listed Plaintiff    Passaic, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, Email and Telephone Number)*
Arthur N. Chagaris, Esq. (AC4713), Beattie Padovano, LLC
50 Chestnut Ridge Road, Montvale, NJ 07645-0244 (201) 573-1810
achagaris@beattielaw.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 216(b)(C)
Brief description of cause:
Unpaid Overtime

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 03/02/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**Arthur N. Chagaris, Esq. AC4713**
**BEATTIE PADOVANO LLC**
50 Chestnut Ridge Road, Suite 208
Montvale, NJ 076450-0244
(201) 799-2141
achagaris@beattielaw.com
Attorneys for Plaintiff.
Roberto Martinez

**Jacob Aronauer, Esq.** (*pro hac vice* application pending)
**THE LAW OFFICES OF JACOB ARONAUER**
225 Broadway, Suite 307
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com
Attorneys for Plaintiff,
Roberto Martinez

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERTO MARTINEZ, on behalf of himself and all other similarly situated employees<br><br>Plaintiff<br>vs.<br><br>THREE GUYS SUPERMARKET, LLC, d/b/a C-TOWN SUPERMARKET, GLADYS CEPEDA and HENRY CEPEDA, individually,<br>Defendants. | CASE NO.<br><br><br><br>**COMPLAINT**<br><br>**FLSA COLLECTIVE** |

Plaintiff Roberto Martinez ("Martinez" or "Plaintiff"), on behalf of himself and all others similarly situated, by his attorneys, complaining of Three Guys Supermarket, LLC d/b/a C-Town Supermarket ("Three Guys Supermarket") and Gladys Cepeda ("G. Cepeda") and Henry Cepeda ("H. Cepeda") (collectively herein "Defendants"), alleges the following:

## PRELIMINARY STATEMENT

1. This is a civil action brought by Plaintiff and all similarly situated employees to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law *N.J.S.A.* 34:11-56(a) *et seq.*, ("NJ Wage and Hour Law") and New Jersey Payment Law, *N.J.S.A.* 34:11-4 *et seq.*, (the "NJWPL"), respectively. Plaintiff and the collective class worked (or currently work) at Three Guys Supermarket. Three Guys Supermarket is owned and operated by Defendants.

2. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers (the "FLSA Collective Class") who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA and the New Jersey Wage and Hour Law that occurred at Three Guys Supermarket that are owned and controlled by the Defendants.

3. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay minimum wage mandated under New Jersey Law, overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA, Wage and Hour Law and the NJWPL.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

5. This Court has supplemental jurisdiction over the New Jersey state law claims under the principles of pendent and ancillary jurisdiction.

2

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiff

7. Plaintiff is and was at all times relevant hereto an adult individual residing in Passaic, New Jersey.

8. Plaintiff worked for Three Guys Supermarket on behalf of the Defendants without interruption from 1989 through January 13, 2017.

9. Plaintiff was a covered employee within the meaning of the FLSA and the New Jersey labor statutes.

### Defendants

10. Defendants employed Plaintiff at all times relevant to this action.

11. Defendants have had substantial control over Plaintiff's working conditions and practices alleged herein.

12. Defendants have owned and maintained control, oversight and the direction of Three Guys Supermarket in Paterson, New Jersey.

13. Three Guys Supermarket is an entity operating in the supermarket industry, having its main business at 444 20th Avenue, Paterson, New Jersey 07513.

14. At all times relevant to this action, Defendant Three Guys Supermarket was an enterprise "engaged in interstate commerce" within the meaning of the FLSA.

15. On information and belief, Defendant Three Guys Supermarket has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or

2778377/170132

otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

16. The claims in this Complaint are brought by Plaintiff on behalf of himself and other similarly situated persons (general laborers, cashiers and stockpersons) who are current and former employees of Three Guys Supermarket who elect to opt-in to this action (the "FLSA Collective").

17. The FLSA Collective consists of similarly situated current and former employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

18. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, *inter alia*, the following:

   i. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week, as required by the FLSA and New Jersey Wage and Hour law.

   ii. failing to keep accurate records of hours worked by employees as required by the FLSA and NJWPL Law.

19. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to the Plaintiff and the FLSA Collective.

20. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their

4

records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

21. The position of general laborer is not exempt and has never been exempt. General laborers were not paid overtime for all hours worked in excess of forty (40) hours per week.

22. The FLSA and the Wage and Hour Law require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

23. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined through discovery.

24. Under NJWPL, employers are required to pay the full amount of wages due to its employees at least twice during the calendar month on regular paydays, designated in advance.

25. By consistently and as a matter of practice and procedure, failing to so pay the full amount of wages, Defendants violated the NJWPL

26. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with the FLSA and NJWPL; and any anything otherwise required by law.

27. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by

5

the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with the FLSA, Wage and Hour Law and NJWPL.

## FACTS RELEVANT TO THIS CASE

28. Three Guys Supermarket is a supermarket located in Paterson, New Jersey.

29. Three Guys Supermarket is owned, operated and controlled by G. Cepeda and H. Cepeda (the "Cepedas").

30. On information and belief, both G. Cepeda and H. Cepeda owned Three Guys Supermarket during the relevant time period.

31. On information and belief, the Cepedas still own, operate and control Three Guys Supermarket.

### Plaintiff Martinez's
### Employment at Three Guys Supermarket

32. From 1989 until mid January 2017 Plaintiff was employed at Three Guys Supermarket.

33. Throughout Plaintiff's employment with Defendants, Plaintiff worked over 40 hours a week.

34. Specifically, throughout Plaintiff's employment with Defendants, he worked approximately 57 hours each week.

35. Each week, Plaintiff was paid for the first 40 hours a week by check with an accompanying paystub.

36. The paystub Plaintiff received each week incorrectly listed him working exactly 40 hours.

37. Plaintiff, though, was paid for all overtime work in cash without a paystub setting forth his overtime rate of pay or the amount of overtime he worked.

38. For all overtime worked on behalf of Defendants, Plaintiff was only paid at "straight time" and not time and one half..

39. On information and belief, throughout his employment with Defendants, Plaintiff was only paid at the applicable minimum wage.

40. Defendants violated the NJWPL by failing to keep full and accurate records of Plaintiff's hours and wages in violation of the NJWPL.

41. Defendants willfully violated the Wage and Hour Law and NJWPL by failing to post notices of employees' right to receive the minimum wage and an overtime rate of one-and-a-half (1.5) their regular rate.

42. Defendants willfully violated NJWPL by failing to pay the *full* amount of wages due to Plaintiff on regular paydays designated in advance.

### Plaintiff Martinez's Work Schedule and Salary at Three Guys Supermarket

43. Throughout Plaintiff's employment with Defendants, Plaintiff worked six (6) days per week.

44. Specifically, Plaintiff worked Friday through Wednesday with Thursday being Plaintiff's regularly scheduled day off.

45. Each day that Plaintiff was assigned to work at Three Guys Supermarket, Plaintiff was required to work from 8 a.m. until 6 p.m. with a half an hour meal break.

46. Overall, Plaintiff worked fifty-seven (57) hours each week at Three Guys Supermarket, not including the daily 30-minute meal break.

# FIRST CAUSE OF ACTION
## FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.
### (on behalf of Plaintiff and the FLSA Collective)

47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. Throughout the relevant time period, Plaintiff worked in excess of forty (40) hours per workweek.

49. At all relevant times throughout his employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff one and one-half (1.5) times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

50. At all relevant times throughout Plaintiff's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half (1.5) times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

51. Defendants' decision not to pay overtime was willful.

52. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

# SECOND CAUSE OF ACTION
## Unpaid Overtime Wages Under New Jersey Wage and Hour Law
### (on behalf of Plaintiff)

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

54. At all times relevant to this action, Plaintiff was an "employee" and Defendants were "employers" within the meaning of the Wage and Hour Law.

55. Defendants violated the rights of Plaintiff under the Wage and Hour Law by failing to pay proper overtime wages for all hours worked over 40 hours per week.

56. Defendants' failure to pay required overtime was willful.

57. As a result of Defendants' Wage and Hour Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the Wage and Hour Law.

### THIRD CAUSE OF ACTION
**Violation of the New Jersey Wage Payment Law**
**(on behalf of Plaintiff)**

58. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59. Because Plaintiff consistently worked more than 40 hours per week, and thus, was entitled to overtime pay.

60. Overtime pay is part of Plaintiff's "wages" and therefore, in violation of Wage Payment Law *N.J.S.A.* 34:11-4.2, Defendant failed to pay Plaintiff full amount of wages due on regular pay days, as they were required.

61. Defendant's failure to pay full amount of wages on regular paydays was willful and intentional.

62. As a result of Defendants' Wage and Hour Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable

9

attorneys' fees and the costs of this action, including interest, pursuant to the Wage Payment Law.

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants, Three Guys Supermarket LLC d/b/a C-Town Supermarket, Gladys Cepeda and Henry Cepeda, jointly and severally, as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Unpaid overtime pay permitted by law pursuant to the New Jersey Wage Payment Law;

C. Unpaid overtime pay pursuant to the FLSA and the supporting United States Department of Labor Regulations;

D. Prejudgment and post-judgment interest; and

E. Reasonable attorneys' fees and costs of the action;

                **BEATTIE PADOVANO, LLC**
                Attorneys for Plaintiff,
                Roberto Martinez

                By: */s/ Arthur N. Chagaris*
                    Arthur N. Chagaris, Esq. (AC4713)
                    A Member of the Firm

                      **THE LAW OFFICES OF JACOB ARONAUER**
                      Attorneys for Plaintiff,
                      Roberto Martinez

                      By: */s/ Jacob Aronauer*
                          Jacob Aronauer (*pro hac vice* admission pending)

March 2, 2017

## **<u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>**

    I hereby certify that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in this or any other court.

                      **BEATTIE PADOVANO, LLC**
                      Attorneys for Plaintiff,
                      Roberto Martinez

                      By: */s/ Arthur N. Chagaris*
                          Arthur N. Chagaris, Esq. (AC4713)
                          A Member of the Firm

                      **THE LAW OFFICES OF JACOB ARONAUER**
                      Attorneys for Plaintiff,
                      Roberto Martinez

                      By: */s/ Jacob Aronauer*
                          Jacob Aronauer (*pro hac vice* admission pending)

March 2, 2017