UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------x
ROBERTO MARTINEZ, on behalf of himself and
all other similarly situated employees,

                    Plaintiff,                  No. 17-CV-1453 (SRC) (CLW)

    -against-                        **SETTLEMENT AGREEMENT**
                                                               **AND GENERAL RELEASE**

THREE GUYS SUPERMARKET, LLC, d/b/a
C-TOWN SUPERMARKET, GLADYS
CEPEDA, and HENRY CEPEDA, individually,

                    Defendants.
-----------------------------------------------------------x

      Settlement Agreement and General Release ("Agreement") dated June 29, 2017, by and between Roberto Martinez (hereinafter referred to as "Plaintiff"); and Three Guys Supermarket, LLC d/b/a C-Town Supermarket, Claribel Cepeda (incorrectly named "Gladys Cepeda"), an individual, and Henry Cepeda, an individual, their respective divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, assigns, officers, directors, trustees, and employees, including, but not limited to, all agents, stockholders, partners, members, administrators, representatives, attorneys, insurers or fiduciaries, heirs, executors, administrators, and assigns (collectively referred to herein as "Defendants"),

      **WHEREAS,** Plaintiff commenced a lawsuit against Defendants which is pending in the United States District Court, District of New Jersey, Docket No. 17-cv-01453 (the "Litigation"), in which Plaintiff has asserted various claims and avers he is entitled to, *inter alia*, unpaid wages and penalties pursuant to the Fair Labor Standards Act, 29 U.S.C. § § 201, *et seq.*, New Jersey Wage and Hour Law, N.J.S.A. 34:56(a) *et seq.*, and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 *et seq.*,

      **WHEREAS,** Defendants have denied they violated the aforementioned laws, and/or any other laws; asserted Plaintiff is not entitled to any such damages,; asserted Plaintiff was fully and properly paid all wages due and compensation due and owed to him under applicable law, and otherwise vigorously defended against the Litigation; and,

1

**WHEREAS**, the parties are desirous of resolving these disputes and any and all disputes without incurring further time, expense, or attorneys' fees; and,

**WHEREAS**, the terms of this Agreement were fully reviewed by Plaintiff and his attorneys and all parties have had a sufficient opportunity to consider this Agreement and reviewed this Agreement with their respective attorneys; and,

**WHEREAS**, the parties have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion or duress;

**NOW, THEREFORE** in consideration of the covenants, releases, representations, obligations and promises contained herein and for other good and valuable consideration, it is mutually agreed as follows:

1. **Preliminary Matter**

The parties have reviewed the terms of this Agreement and have had the opportunity to confer with their respective attorneys in order to obtain advice with respect to the terms of this Agreement. The parties enter into this Agreement voluntarily and with a full understanding of its terms and with the belief and understanding that this Agreement reflects a reasonable compromise of contested issues. Because this Agreement is intended to fully and finally settle, *inter alia,* Plaintiff's wage and hour claims against Defendants, the parties understand and hereby acknowledge that this Agreement and/or any and all terms and conditions set forth in this Agreement shall not be valid and/or enforceable unless and until this Agreement is "so ordered' by the Court upon joint application for approval of this Settlement by counsel for all parties.

2. **Separation from Employment**

Plaintiff and the Defendants agree that Plaintiff resigned his employment with the Defendants effective January 13, 2017. Plaintiff acknowledges that because of circumstances unique to him, including, but not limited to, irreconcilable differences with Defendants, he does not wish to hold any position with Defendants, now or in the future and, shall not apply for employment with Defendants.

3. **Payment**

(a) Upon eight (8) days having passed without revocation having occurred (pursuant to paragraph 9, herein), Defendants shall pay to Plaintiff the Settlement Amount of Twenty Five Thousand Five Hundred dollars ($25,000.00), which shall be delivered to Plaintiff's attorneys via overnight delivery not later than 15 days' after the Court issues an order "so ordering" this Agreement.

(b) Martinez shall be provided with an IRS form 1099 in connection with payment of the Settlement Amount. Martinez shall be solely responsible for any taxes, interest or penalties which are found to be due based upon the failure of the Defendants to withhold taxes from the Settlement Amount. Further, in the event of an audit of, or any assessment against Defendants' or any of them, by any taxing authority regarding payments to any Martinez in this Agreement, Martinez shall indemnify and hold Defendants' harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, reasonable attorneys' or accountants' fees and/or judgments that may be incurred by Defendants resulting from Defendants' failure to withhold under this Agreement.

(c) The check of $25,000.00 shall be divided as follows: Plaintiff's counsel, Beattie Padovano, LLC shall receive $8,733.32 in attorney fees and costs. Plaintiff shall receive $16,266.76.

4. **Release/Covenant Not to Sue**

(a) In consideration of the promises, payments and actions of the Defendants set out in this Agreement and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, Plaintiff, fully and forever releases, relieve, waives, relinquishes and discharges the Defendants, including their privies, predecessors-in-interest, successors-in-interest, assigns, heirs, executors, administrators, trustees, parent organizations, affiliates, chapters and subsidiaries, predecessor organizations, successors and assigns, present or former directors, shareholders, partners, members, officers, employees, including current or former management, agents, insurers, counsel and representatives of any or all of them, whether in their individual or official capacities, including, but not limited to, Three Guys Supermarket, LLC, Claribel Cepeda, and Henry Cepeda (collectively the "Releasees"), from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money,

controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which Plaintiff has, now has or hereafter can, shall or may have against the Releasees, arising out of, by reason of, or relating in any way whatsoever to any matter, cause or thing from the beginning of the world to the date this Agreement is "so ordered', including but not limited to: (i) claims arising directly or indirectly from Plaintiff's association with the Defendants, whether as an independent contractor, employee, or otherwise, and the termination/end of that association; (ii) claims arising directly or indirectly from the actions or inaction of the Defendants; (iii) claims which were, or could have been, asserted in the Litigation, (iv) claims under any and all federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders, including, but not limited to, claims under the New Jersey Labor Law, the New Jersey Wage and Hour law (N.J.S.A. 34:11-56(a) et seq.), the New Jersey Wage Payment Law (N.J.S.A. 34:11-4 et seq.), the Fair Labor Standards Act, the Equal Pay Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the National Labor Relations Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act, the Employee Retirement Income Security Act of 1974, the New Jersey State Human Rights Law, the Uniform Services Employment and Reemployment Rights Act of 1994, as amended, the Sarbanes-Oxley Act of 2002, the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), the False Claims Act, the Occupational Safety and Health Act, each as amended, or any other federal, state, or municipal law; (v) claims for overtime, commissions, unpaid wages, whether based on common law or otherwise, and specifically includes all claims for unpaid overtime, back pay, improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, severance pay, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with the Defendants and other compensation, wages, or benefits including, but not limited to, life insurance, accidental death and disability insurance, medical insurance, contributions to employee benefits, sick leave, or other employer provided plan or program, distributions of income or profit, vacation or other leave time, holiday pay, retirement, pension, the use of information obtained by the Defendants as a result of the offering of group health insurance coverage and/or any related penalties,

damages, compensatory damages, exemplary or punitive damages, fines, liquidated damages and attorneys' fees under federal, state and local law; and (vi) any other claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, torts, intentional infliction of emotional distress, negligence, promissory estoppel, breach of contract, breach of an implied covenant of good faith and fair dealing, constructive discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise, arising prior to or at the time of the execution of this Agreement. The only exclusions from this release provision are claims for unemployment insurance and workers' compensation. Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiff and referenced herein, are a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act, New Jersey Labor Laws, and New Jersey Codes, Rules and Regulations and/or time worked.

(b) Notwithstanding anything to the contrary contained in this Agreement, Martinez reserves, and this Agreement does not waive or release, his right to make a claim for Workers Compensation benefits based upon his having suffered a work-related illness or injury.

## 5. No Further Monies Owed

Subject to the Court's "so ordering" this Agreement and Defendants' timely payment of the Settlement Amount, Plaintiff warrants, agrees, and acknowledges that, by entering into this Agreement, Plaintiff is not entitled to any further pay, remuneration, compensation, or benefits from Defendants, of any type or nature whatsoever, whether by contract, common law, statute, regulation, or otherwise, including, but not limited to, expenses, insurance benefits, other medical benefits or medical insurance, commissions, bonuses, stock options, contributions or proceeds from any benefit plans, sick pay, holiday pay, vacation pay, severance payments, wages, salary, overtime, or consulting payments. Plaintiff further warrants, agrees and acknowledges that he has been paid the full amount of all wages and salary required to be paid to her under any and all applicable laws (federal, state and local), with respect to all hours worked by Plaintiff for Defendants.

## 6. No Admission of Wrongdoing

This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute,

regulation, duty, contract, right or order.

### 7. No Other Actions

Plaintiff represents that, as material inducement to the Agreement, he has not filed any claims, charges, complaints or actions against any of the Releasees with any federal, state or local court or any administrative agency relating to her employment, other than the Litigation. Further, if after Plaintiff signs this Agreement, any court or administrative agency assumes jurisdiction over any claim, charge, complaint or action against any of the Releasees initiated by Plaintiff which would be covered under the scope of Paragraph 4, *Release/Covenant Not to Sue*, above, Plaintiff shall take all actions necessary for the court or administrative agency to withdraw any such matter and terminate any such proceeding against such entity or person without any liability against any entity or person. Provided, however, that the foregoing shall not prevent and/or preclude any of the parties from filing any application, proceeding and/or motion to enforce the terms of this Agreement should this Agreement be approved by the Court.

### 8. No Class Membership

Plaintiff shall not accept any award or settlement with respect to any action, complaint, charge, lawsuit or other proceeding against any of the Releasees, or any of their past, present or future officers, members, directors, shareholders, employees, representatives, agents, servants, affiliated companies, parent companies, subsidiaries or divisions, whether as a member of a class or otherwise, that are based upon conduct that occurred prior to the to the day of the date of this Agreement. Further, in the event Plaintiff institutes, is party to or is a member of a class that institutes any claim or action against any of the Releasees, or any of their past, present or future officers, directors, members, shareholders, employees, representatives, agents, servants, affiliated companies, parent companies, subsidiaries or divisions, or based upon conduct prior to the day of the date of this Agreement, Plaintiff agrees that his claims shall be dismissed or class membership terminated immediately upon presentation of this Agreement and that he shall execute any papers necessary to achieve this end.

### 9. Release Notification and Withdrawal

(a) All of the parties have discussed the terms of this Agreement and release of claims with their attorneys. Defendant acknowledge that it is his choice to waive employment-related

claims, as described hereinabove, in return for the benefits set forth herein and that he has made this decision after careful thought, and after consulting with his attorneys.

(b) Defendant acknowledges and agrees that he has been given an opportunity to consider this Agreement for at least twenty-one (21) days, that he fully understands and agrees to all of its terms and that he does not require the twenty-one (21) days to review the Agreement

(c) Defendant may revoke this Agreement within seven (7) days of execution hereof. This seven (7) day period will begin to run on the day after Defendant has executed it. If Defendant revokes this Agreement, it shall be rescinded and be deemed null and void in its entirety, and Defendant will receive none of the benefits set forth herein. Said revocation must be sent by Fax to 203-938-2106, and U.S. Mail, Certified/Return Receipt requested, to: Goldberg & Weinberger, LLP, 56 Dayton Road, Redding, CT 06896; and received within seven (7) days of the execution of this Agreement by Defendants. This Agreement shall not become effective until seven (7) days after the execution of this Agreement by the Defendant, without revocation having occurred.

(d) Defendant specifically acknowledges and agrees that he releases and discharges the Releasees from claims under the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et.seq., as amended.

(e) Defendant understands and agrees that he would not receive the monies specified in this Agreement except for the execution of this Agreement and his agreement to fulfill the promises described herein.

(f) Notwithstanding the foregoing, nothing in this Agreement shall be deemed to impose on Defendant any condition precedent, penalty or other limitation on Defendant's right to challenge his waiver of his claims under the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et seq. or to require the return of monies other than in accordance with the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et seq..

### 10. Modification of the Agreement

This Agreement may not be changed unless the changes are in writing and signed by proper representatives of Plaintiff and Defendants, respectively, and such changes are approved by the Court.

7

### 11. Acknowledgment

Plaintiff and Defendants acknowledge that they have been represented by counsel of their choice in this matter.

### 12. Governing Law and Prevailing Party Fees

This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New Jersey, excluding the conflict-of-laws principles thereof. Provided that this Agreement is approved by the Court, in the event of any litigation to enforce this Agreement or otherwise regarding a breach of the terms of this Agreement in which one party is found to be in breach of any term of this Agreement, the non-breaching party shall be entitled to receive from the party in breach reasonable attorneys' fees and costs, up through and including the appellate process.

### 13. Enforceability

If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, provided that this Agreement is approved in all respects by the Court, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement.

### 14. Counterparts

To signify their agreement to the terms of this Agreement, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

### 15. Dismissal of Action

For and in consideration of the promises of Defendants set forth in this Agreement, and subject to Court approval of this Settlement Agreement, Plaintiff agrees to dismiss or cause to be dismissed the pending action with prejudice upon full payment by Defendants. Plaintiff

expressly authorizes his counsel to execute a Stipulation and Order of Dismissal and to submit any papers to the Court that are necessary to effectuate the dismissal of the pending action.

## ACKNOWLEDGMENT

By signing below, Martinez acknowledges that he has carefully read and understands the terms of this Settlement Agreement; that he has had the opportunity to consult with an attorney of his choosing regarding the implications of this Settlement Agreement; that he has received all the advice he deems necessary concerning this Settlement Agreement; that he fully understands what this Settlement Agreement means; and that he has chosen to enter into this Settlement Agreement freely, knowingly, and voluntarily without any undue duress and that no other promises or agreements have been made to him other than those set forth in this Settlement Agreement.

## RECONOCIMIENTO

Al firmar a continuación, Martinez reconoce que ha leído cuidadosamente y entienda los términos de este Acuerdo de Conciliación; que ha tenido la oportunidad de consultar con un abogado de su elección con respecto a las implicaciones de este Acuerdo de Conciliación; que ha recibido todo el asesoramiento que estime necesaria relativa a este Acuerdo de Conciliación; que él entiende perfectamente lo que significa este Acuerdo de Conciliación; y que él ha escogido para celebrar el presente Acuerdo de Solución libremente, a sabiendas y voluntariamente sin coacción indebida y que no hay otras promesas o acuerdos se han hecho a él que no sean los establecidos en este Acuerdo de Conciliación.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

**Agreed To:**

*Roberto Martinez*

Roberto Martinez

Sworn to before me this 29

day of June, 2017

*[signature]*

Notary Public

GREGG A PINTO
NOTARY PUBLIC, State of New York
No. 02PI6262424
Qualified in Richmond County
Commission Expires May 21, 20_20_

**Agreed To:**

Three Guys Supermarket, LLC d/b/a C-Town Supermarket,

By: *Claribel Cepeda*      Dated: 6/30/2017

Print Name:

Title: Member

**Agreed To:**

*Claribel Cepeda*      Dated: 6/30/2017

Claribel Cepeda

**Agreed To:**

*Henry Cepeda*      Dated: 6/30/2017

Henry Cepeda

**SO ENTERED:**

_____, USDJ      Dated: _____